824 F.2d 657
 RAY E. FRIEDMAN & COMPANY, a corporation, Appellee,
v.
Brent Thomas JENKINS, individually and d/b/a Jenkins Stock Farms,
Clark J. Jenkins, Appellant,
J. Bruce Pearson, Casselton State Bank, a North Dakota
banking corporation, and The First Bank of North
Dakota-Fargo, a National banking association.
Brent Thomas JENKINS,
v.
RAY E. FRIEDMAN & COMPANY and Galen Nettum.
 No. 86-5245.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 10, 1987.
Decided July 27, 1987.
 
 Edward F. Klinger, Moorhead, Minn., for appellant.
 Paul F. Richard, Fargo, N.D., for appellee.
 Before HEANEY, FAGG, Circuit Judges, and LARSON,* Senior District Judge.
 FAGG, Circuit Judge.
 
 
 1
 Clark J. Jenkins (Clark) appeals from the district court's judgment setting aside a conveyance of land in which he was the grantee. We affirm.
 
 
 2
 Brent Thomas Jenkins (Brent), son of Clark, actively traded on the commodities market through different brokerage houses, including Ray E. Friedman & Company (Friedman). In early 1978, Brent began to incur heavy losses on the pork belly market. He obtained loans from two banks to help cover his losses. On February 28, 1978, and while experiencing significant financial difficulties, Brent reconveyed farmland that Clark had transferred to him as a gift only a few months before. Following this initial conveyance to Clark, Brent continued to transfer his assets to others in the face of huge financial losses on the commodities market and growing margin calls from his brokers.
 
 
 3
 In early March Brent gave Friedman two checks totaling $100,000. When his bank refused to cover those checks, Brent stopped payment on them. Brent was then facing a margin call of over $200,000, in addition to the significant debt already owed Friedman. Friedman sued and recovered a judgment against Brent for over $260,000.
 
 
 4
 Friedman also sought to have Brent's several conveyances set aside as fraudulent. The district court found Friedman failed to carry its burden on all transfers except the reconveyance of land to Clark. Based on the evidence before it, the court concluded the transfer to Clark was made with actual intent to defraud Friedman. See N.D.Cent.Code Sec. 13-02-07 (1981), repealed by 1985 N.D. Laws Ch. 186, Sec. 12. The court thus voided the deed.
 
 
 5
 On appeal Clark contends the court's findings are clearly erroneous. Further, Clark asserts the court committed error in denying his postjudgment motion to amend and clarify the judgment. We disagree.
 
 
 6
 Initially, we note that the question of fraudulent intent is one of fact. Schmidt v. Schmidt, 254 N.W.2d 102, 105 (N.D.1977); see also Production Credit Ass'n v. Klein, 385 N.W.2d 485, 487 n. 2 (N.D.1986). We are bound by the district court's fact-findings unless we find them clearly erroneous. See Fed.R.Civ.P. 52(a). A finding is clearly erroneous only if after reviewing all the evidence this court is " 'left with the definite and firm conviction that a mistake has been committed.' " Anderson v. City of Bessemer City, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511-12, 84 L.Ed.2d 518 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). We may not reverse simply because we would weigh the evidence differently than the district court if our review was de novo. Id. at 573-74, 105 S.Ct. at 1511-12.
 
 
 7
 Transactions between family members are subject to closer scrutiny than arm's-length transactions. Jahner v. Jacob, 252 N.W.2d 1, 6 (N.D.1977). Here, the district court found Brent transferred the land to Clark with an intent to defraud Friedman, after Brent found himself in serious financial trouble. This finding is supported in the record.
 
 
 8
 The parties do not dispute that Brent suffered heavy losses on the commodities market in early 1978. In fact, he lost over $250,000 in February and over $200,000 in early March in trading through Friedman. During this time, Brent was faced with margin calls that became increasingly difficult for him to meet. In fact, Brent was facing a margin call by Friedman of almost $100,000 on the day he conveyed the farm back to Clark.
 
 
 9
 Clark was generally aware that Brent was experiencing financial problems during this period, but never pressed his son on any financial obligations owed to him. Before Brent reconveyed the farm to Clark on February 28, Brent did not discuss the transfer with Clark. In fact, Clark was not aware of the transfer until after it took place. Further, no money or assets, other than the farm, changed hands on February 28. On March 8, over one week later, Clark prepared a statement detailing the claimed consideration for the conveyance, which included antecedent debts owed to Clark by Brent. In his trial testimony, Clark expanded the claimed consideration to items beyond the March 8 list.
 
 
 10
 The district court found the conveyance to Clark was not supported by consideration. Specifically, the court found Clark had attempted to create consideration after the conveyance took place and tried to expand the claimed consideration at trial. In addition, the court found that, in light of his deteriorating position on the commodities market, Brent was insolvent when he made the conveyances of his assets in late February and early March. See N.D.Cent. Code Sec. 13-02-02(1) (1981), repealed by 1985 N.D. Laws Ch. 186, Sec. 12.
 
 
 11
 The district court concluded the conveyance was fraudulent after noting the lack of contemporaneous consideration, the "after-the-fact" effort to document consideration, the lack of discussions or negotiations before the conveyance, and the poor state of Brent's financial affairs. The court further found that due to his awareness of suspicious facts Clark participated in the fraud because he knew or should have known that Brent transferred the land to defraud his creditors. See Rozan v. Rozan, 129 N.W.2d 694, 709 (N.D.1964).
 
 
 12
 Although Clark contended differently, the court also found the grain storage facilities on the farm had been transferred to Brent by Clark in his original gift of the real estate. Thus, the bins remained with Brent when the court voided the reconveyance. The original deed from Clark to Brent made no reference or reservation with regard to the grain bins. Further, Brent listed the storage facilities on his financial statements. Although parties to a conveyance can agree to treat fixtures as personal property rather than as part of the real estate, see Burlington N.R.R. v. Scheid, 398 N.W.2d 114, 119 (N.D.1986), that action was not taken here. After a thorough review of the record before us, we are not left with the definite and firm conviction that the district court committed error in its findings. See Anderson, 470 U.S. at 573, 105 S.Ct. at 1511-12.
 
 
 13
 Clark finally contends the court committed error in denying his postjudgment motion to alter or clarify the judgment. See Fed.R.Civ.P. 59(e). Clark sought a lien against the farmland for the antecedent debts Brent owed him and for sums Clark spent in preserving the land after the reconveyance. The district court found the motion frivolous because the only issue before the court at trial was whether the conveyance was fraudulent and, if so, whether Clark participated in the fraud. Thus, the court denied the motion.
 
 
 14
 Federal Rule of Civil Procedure 59(e) provides a means "to support reconsideration [by the court] of matters properly encompassed in a decision on the merits." White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982). Under rule 59(e), the court may reconsider issues previously before it, see id., and generally may examine the correctness of the judgment itself, see Quartana v. Utterback, 789 F.2d 1297, 1300 (8th Cir.1986). At trial, Clark made no counterclaim for a preferential lien based on expenditures incurred in maintaining the farm after the reconveyance by Brent. Clark cannot now use rule 59(e) to expand the judgment to encompass new issues.
 
 
 15
 Finally, the district court found Clark knew or should have known the conveyance was fraudulent. We previously noted that this finding was not clearly erroneous. As a result, under North Dakota Century Code section 13-02-09 Clark would not be entitled to relief or credit for the consideration he previously claimed to support the reconveyance of land from Brent. The district court did not commit error in denying Clark's motion.
 
 
 16
 Accordingly, we affirm.
 
 
 
 *
 The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation