**In re COMMAND SERVICES CORP., Debtor.**

**Bankruptcy No. 87–00528.**

United States Bankruptcy Court, N.D. New York.

Oct. 16, 1989.

vern, Bankert & Peet, Esqs. ("Evans"). Testimony was waived by Sheehan and the Court heard oral argument from Evans by Edward D. Earl, Esq., of counsel and from Sheehan by Edmond J. Ford, Esq., of counsel. There were no other appearances at the hearing.

Following the hearing, the Court permitted the submission of further memoranda of law and on May 11, 1989 the matter was finally submitted for decision.

## JURISDICTIONAL STATEMENT

The Court has jurisdiction of this matter pursuant to 28 U.S.C.A. §§ 1334 and 157(a), (b)(1) and (b)(2)(A) and (O). (West Supp. 1989).

## FACTS

The facts are set forth in the Memorandum–Decision and Order of this Court dated March 22, 1989, 102 B.R. 905.

Evans, Severn, Bankert & Peet, Utica, N.Y., for Sheehan, Phinney, Bass & Green, P.A.; Edward D. Earl, of counsel.

Sheehan, Phinney, Bass & Green, P.A., Manchester, N.H., Sp. Counsel to debtor; Edmond J. Ford, of counsel.

Menter, Rudin & Trivelpiece, P.C., Syracuse, N.Y., for debtor.

Richard Croak, Utica, N.Y., Office of U.S. Trustee.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

On April 27, 1989, the Court held a hearing pursuant to Bankruptcy Rule ("Bankr. R.") 9011(a) within this Chapter 11 case in accordance with its Memorandum–Decision and Order dated March 22, 1989, 102 B.R. 905. Familiarity with that Memorandum–Decision and Order is assumed herein.

Sheehan, Phinney, Bass & Green, Prof. Ass'n. ("Sheehan") appeared at said hearing represented by the firm of Evans, Se-

## DISCUSSION

The primary purpose of the April 27, 1989 hearing was to determine if grounds existed to levy sanctions, monetary or nonmonetary, against Sheehan pursuant to Bankr.R. 9011(a) as a result of Sheehan having made a motion pursuant to Bankr.R. 9023 on October 25, 1988 ("October 1988 motion").

Prior to the April 27, 1989 hearing the Court received a Memorandum of Law dated April 25, 1989 and filed by Evans ("Evans' Memo") as well as the Affidavit of Edmond J. Ford, Esq., sworn to on the 21st day of April, 1989 ("Ford Affidavit"). The Court was also supplied with and reviewed an unofficial transcript of a hearing held before the Court on Sheehan's Final Application for Compensation, which hearing was held on May 31, 1988. Subsequent to the April 27, 1989 hearing, the Court has received, on or about May 11, 1989, a Supplemental Memorandum of Law from Sheehan ("Sheehan Memo").

Summarizing the various arguments made by Evans, Ford and Sheehan, the Court is asked to consider whether or not

Sheehan's October 1988 motion, pursuant to Bankr.R. 9023 which incorporates by reference the provisions of Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 59(e) was based upon its reasonable belief that the Court had committed an error of law in its Memorandum–Decision and Order of October 12, 1988 determining that Sheehan did not possess a valid attorneys' lien when it withheld from the Debtor approximately $31,000.00 of an $80,000.00 settlement, as security for the future payment of its fees.

The Ford Affidavit suggests that the lien issue was a minor portion of its Final Application for Compensation ("Final Application"), which resulted in the October 12, 1988 Order and that the lien issue was not actually before the Court since the existence or non-existence of the lien would only become significant if the case converted from Chapter 11 to Chapter 7 of the Bankruptcy Code.

The Evans Memo, citing a two-pronged test for the imposition of Bankr.R. 9011 sanctions suggests that the Court cannot utilize "hindsight" in determining whether or not Sheehan's October 1988 motion was frivolous. The memo also refers to the hearing on Sheehan's Final Application as administrative in nature and not a contested matter, since no one objected to its lien claim. Thus, it is argued, Sheehan could not reasonably have expected that the Court would rule on the merits of its lien claim with prejudice. Upon realizing that the Court had in fact ruled upon the merits of its lien claim. Sheehan opted to move pursuant to Bankr.R. 9023 for an amendment of the Court's Order rather than file a notice of appeal.

The Evans Memo concludes that Sheehan's Bankr.R. 9023 motion was made in good faith to correct a procedural error and not for an improper purpose.

Following the hearing held on April 27, 1989, Sheehan submitted its Supplemental Memo wherein it argues that Bankr.R. 9023, incorporating Fed.R.Civ.P. 59(e), permits a party to seek amendment of a judgment where the court involved has made a error of law in rendering that judgment. The Sheehan Memo contends further that

the movant may raise the error of law even though it is based upon issues that could have been but were not raised at an earlier point in the proceeding. Thus, if the movant had reasonable grounds to believe that an error of law had been committed, the making of the motion cannot be sanctioned pursuant to Bankr.R. 9011(a).

Sheehan's Memo also argues that absent an adversary proceeding commenced by a trustee, the Court could not have denied its charging lien since to do so violated its rights under the due process clause of the Fifth Amendment and that there was no waiver of those rights. Sheehan postures that it was not seeking the best of both worlds in seemingly requesting approval of its lien status by way of its Final Application and then when that status was denied, arguing that the Court had no ability to render that denial because it never actually sought to establish a charging lien.

Sheehan concludes that it believed that the Court sought its memorandum of law at the time of the Final Application hearing solely to determine if the retention of monies belonging to the Debtor, without authorization, warranted imposition of a surcharge, and not to reach any conclusion as to the avoidability of its lien, a conclusion it contends would not be binding on any subsequent Chapter 7 trustee.

The issue thus framed by Sheehan is whether or not the basis for the motion made pursuant to Bankr.R. 9023 and Fed. R.Civ.P. 59(e) was "objectively and patently frivolous." (See Sheehan's Supplemental Memorandum of Law, page 20).

The Court perceives the singular issue presently before it as whether or not Sheehan's motion made pursuant to Bankr.R. 9023 and Fed.R.Civ.P. 59(e) constituted sanctionable conduct under Bankr.R. 9011(a) and Fed.R.Civ.P. 11.

The test for imposing sanctions within the Second Circuit was reaffirmed recently in *International Shipping Co. v. Hydra Offshore, Inc.*, 875 F.2d 388, 390 (2d Cir. 1989) where the Circuit Court concluded that sanctions are warranted where "it is clear that (1) a reasonable inquiry into the basis for a pleading has not been made; (2)

under existing precedents there is no chance of success; and (3) no reasonable argument has been advanced to extend, modify or reverse the law as it stands." *See also Eastway Constr. Corp. v. City of New York,* 762 F.2d 243 (2d Cir.1985); *Oliveri v. Thompson,* 803 F.2d 1265 (2d Cir. 1986), *cert. denied,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987).

Conversely, courts, including those within the Second Circuit, have consistently held that Fed.R.Civ.P. 11 should not be utilized to chill creative advocacy even though such advocacy may challenge existing precedent. *Greenberg v. Hilton Intern. Co.,* 870 F.2d 926, 935 (2d Cir.1989).

In the instant case, the Court must conclude that the three-prong test announced by the Second Circuit has been met.

It is clear from the record, in spite of Sheehan's assertions to the contrary, in both the Bankr.R. 9023 motion and the affidavits and memos submitted before and after the April 27, 1989 sanction hearing, that Sheehan asserted a right to retain some $31,000.00 of Debtor's property at the time it filed its Final Application in April 1988. Paragraph 16 of that Final Application asserts "Applicant has a security interest in said proceeds of settlement which security interest secures the payment of its fees. (citing case)". Paragraph 17 of that same Final Application reads, "Applicant requests authority to set off the sum of $30,777.15 against the sum of $30,777.15 held by it." It is equally clear that a good portion of the hearing held before the Court on May 31, 1988 dealt with the Sheehan's contention that it had either a lien or security interest under applicable state law which authorized it to withhold $30,777.15 from the Debtor. At the conclusion of that hearing, the Court observed:

"Alright, I'll reserve decision, you're going to give me some law, if you can get some law, Mr. Ford, regarding this theory of this lien that put you in the position of a secured creditor?

Ford: Yes, your Honor, I will."

(See unofficial Transcript of hearing held May 31, 1988 in U.S. Bankruptcy Court, pg. 12).

On June 20, 1988, in response to the Court's request, at the hearing on the Final Application, Sheehan filed a "Memorandum of Law Detailing Special Counsel's Position On A Lien Held By It In Settlement Proceeds", in which it clearly set forth its arguments in support of its lien position.

At no point, either at the hearing on the Final Application nor in the subsequently filed June Memorandum, did Sheehan raise any procedural objections nor claim any violation of its due process rights under the Fifth Amendment.

Upon receipt of this Court's Memorandum–Decision and Order dated October 12, 1988 denying its lien status, Sheehan moved pursuant to Bankr.R. 9023 and Fed. R.Civ.P. 59(e) for amendment of its Memorandum–Decision and Order, admonishing the Court for having determined its lien status, describing the Court's action as "inefficient and a waste of the Bankruptcy Court's resources." (Sheehan Motion filed October 25, 1988, para. 8, page 3); raising for the first time a myriad of procedural deficiencies allegedly denying Sheehan its rights under the Fifth Amendment, as well as some specious argument, again for the first time, that Sheehan's lien status would only be significant if the Chapter 11 case converted to a Chapter 7 case.

Having already considered most, if not all of Sheehan's arguments raised by the Bankr.R. 9023 motion in its Memorandum–Decision and Order of March 22, 1989, this Court will not restate its conclusions here since the issue now before the Court is whether or not Sheehan's conduct in filing the motion to amend is sanctionable.

In defense of its conduct in making the Bankr.R. 9023 motion as reasonable, Sheehan postures that such a motion "can be used to correct mistakes of law even though the litigant could have raised the issues at an earlier point in the litigation" and, "Indeed, the failure to raise questions of law under Rule 59(e) when the issue had not earlier been presented, may prevent the

raising of that issue on appeal." (See Sheehan's Memo, pg. 5).

■ The Court disagrees with Sheehan's contention concluding that while a Rule 59(e) motion may be made to correct an error of law, it does not give another "bite of the apple" by permitting it to raise issues and procedures that could and should have been raised prior to judgment. *See Ray E. Friedman & Co. v. Jenkins*, 824 F.2d 657, 660 (8th Cir.1987); *American Home Assur. v. Glenn Estess & Associates*, 763 F.2d 1237, 1239 (11th Cir.1985); *Willens v. University of Massachusetts*, 570 F.2d 403, 406 (1st Cir.1978); *Hashwani v. Barbar*, 822 F.2d 1038, 1041 (11th Cir. 1987); *Swedish Telecom Radio v. M/V Discovery I*, 712 F.Supp. 1542, 1548 (S.D. Fla.1989); *Frito–Lay of Puerto Rico v. Canas*, 92 F.R.D. 384, 391 (D.Puerto Rico 1981).

■ The Court concludes, even after resolving all doubts in favor of Sheehan, that a reasonable inquiry by it would have led it to the conclusion that Sheehan had requested determination of its lien status, that it had been given opportunity for notice and hearing and had advanced its position, in the manner it deemed appropriate, at that hearing, and in a subsequent memorandum of law, without any due process objection, that it had received an adverse decision and that its remedy was to appeal that decision if it believed the Court had committed reversible error on the record before it.

The Court further believes that, applying an objective standard, no such reasonable inquiry was made by Sheehan, or if made, the reasonable conclusion was ignored.

Finally, the Court concludes that Sheehan knew that its Bankr.R. 9023 motion, grounded as it was solely on a lack of procedures which it failed to avail itself of, and on issues that could have been, but were not raised prior to entry of the Court's March 22, 1989 Order, as well as its groundless contention that it had not requested the Court to determine its lien status, had no chance of success, nor did Sheehan advance any argument that challenged existing law in that regard.

The Sheehan Bankr.R. 9023 motion was not creative advocacy reasonably grounded in fact and existing law, nor on a good faith argument for extension of existing law. *International Shipping Co. v. Hydra Offshore, Inc., supra*, 875 F.2d at 390.

The Court, therefore, after considering the gravity of the Bankr.R. 9011(a) violation, will exercise its discretion and sanction Sheehan, imposing a fine in the sum of $250.00, which it directs to be paid over to the Debtor within twenty (20) days of the entry of this Order. *See Eastway Construction Corp. v. City of New York*, 821 F.2d 121, 122–123 (2d Cir.1987); *Calloway v. Marvel Entertainment Group*, 854 F.2d 1452, 1476 (2d Cir.1988) *cert. granted sub nom. Pavelic & LeFlore v. Marvel Entertainment Group*, —— U.S. ——, 109 S.Ct. 1116, 103 L.Ed.2d 179 (1989).

IT IS SO ORDERED.