**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

ONE TRACT OF REAL PROPERTY AND
ALL APPURTENANCES AND
IMPROVEMENTS THERETO, located in
Little River Township, Wake
County, North Carolina, being more
particularly described in Book 5023,
Page 0442 of the Wake County
Registry, being titled in the name of
W. D. Enterprises, Incorporated, a

No. 95-1282

North Carolina Corporation, c/o
Lois Hodge, and any and all
proceeds from the sale of said
property,
<u>Defendant-Appellant,</u>

LOIS HODGE,
<u>Claimant-Appellant,</u>

and

W. D. ENTERPRISES, INCORPORATED;
HAROLD WHITE,
<u>Claimants.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(C-93-389-5-BR)

Submitted: January 31, 1997

Decided: February 20, 1997

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mohammed M. Shyllon, Melvin L. Wall, Jr., SHYLLON & SHYL-
LON, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole,
United States Attorney, Thomas P. Swaim, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In June 1993, the United States (Government) commenced an in
rem civil forfeiture action under 21 U.S.C. § 881(a)(7) (1994), against
real property, buildings, and appurtenances thereto located in Wake
County, North Carolina. The property, which was titled in the name
of W.D. Enterprises, Incorporated (W.D. Enterprises), a North Caro-
lina corporation, c/o Lois Hodge,[1] had been used as the primary resi-
dence of William Douglas Hodge (William) and Lois Rainey Holden
Hodge (Hodge) and their children and stepchildren since March 1985.
In 1988, William was convicted of "maintaining a dwelling" for the
purpose of facilitating illegal drug activity with regard to the property.
In 1990, William's stepdaughter was convicted of felony cocaine
charges in connection with illegal drug activity facilitated by the
property. The Government asserts that a search of the property

_____

[1] Lois Hodge is described in the record as managing agent of W.D.
Enterprises, Inc.

2

revealed "crack" cocaine in bottles displaying Hodge's name and that it had obtained a taped conversation of a drug negotiation between Hodge and an undercover agent regarding cocaine and marijuana transactions which took place at the property.

Hodge, on behalf of W. D. Enterprises, claimed an "innocent owner" defense, proffering affidavits that she did not negotiate with an undercover agent for drug transactions at the property and that it was not her voice on the Government's tape. 21 U.S.C. § 881(a)(7). Nonetheless, Hodge failed to comply with the Government's numerous discovery requests. Accordingly, the district court, by order of a magistrate judge filed June 24, 1994, granted the Government's motion to compel discovery. The order read, in pertinent part, "Claimant W. D. Enterprises, Inc. IS ORDERED to respond to all discovery previously served on it no later than July 5, 1995. **2** Claimant is forewarned that failure to obey this Order may result in a dismissal of its claim, taxation of costs and attorney fees, and other sanctions." Because W.D. Enterprises and Hodge failed to fully comply with the order to compel discovery, the Government, by motion on July 15, 1994, sought sanctions, specifically including that the court dismiss W.D. Enterprises' claim and grant summary judgment to the Government. Thereafter, the Government and Hodge entered into a stipulation filed with the district court.**3**

The district court, by order filed December 1, 1994, noted that Hodge had failed "to participate in a pre-trial conference and the preparation of a pre-trial order. Throughout this litigation claimant Lois Hodge has failed to comply with discovery requests, resulting in the filing of motions for sanctions . . . ." The order continued:

_____
**2** It appears the order erroneously read 1995 instead of 1994.
**3** In the stipulation, filed with the district court on July 21, 1994, Hodge admitted that she was the sole owner of 100 percent of the corporation's stock and that if she consented to or was involved in illegal drug activity at the property that such knowledge would be imputed to W. D. Enterprises, meaning that the corporation would not be able to utilize an "innocent owner" defense. Hodge admitted that she knew her husband William Douglas Hodge, the sole director and officer of W. D. Enterprises, was involved in the sale and distribution of marijuana but denied knowledge that the defendant property was involved in her husband's crimes.

3

Claimant Lois Hodge is hereby ORDERED to contact counsel for plaintiff [the Government] and participate in a pre-trial conference as required by the local rules of this Court,[4] said conference to be held in the office of the United States Attorney not later than 5:00 p.m., Friday 9 December 1994. Failure to comply with this order may result in an order striking the claim of Lois Hodge. Counsel for plaintiff shall promptly notify the court if claimant Lois Hodge does not comply with this order.

On December 5 Hodge's new attorney,[5] in compliance with the December 1 order, contacted the Government's attorney and orally agreed to provide Hodge's contribution to the delinquent pre-trial order by close of business on December 6. The Government's attorney agreed and, because he planned to be out of town from December 7 through 8, stated that he would review Hodge's anticipated contribution to the pre-trial order on December 9, and contact Hodge's attorney that day if he had any questions. Because the Government received no contribution to the pre-trial order, it filed another motion for sanctions on December 12, seeking dismissal of Hodge's claim. By order filed December 20, the district court granted the Government's motion, finding that "[a]lthough counsel for the claimant [Hodge] did contact the plaintiff, no contribution to the pre-trial order in anticipation of the pre-trial conference has been provided, despite representations to the contrary." Thus, the court"ORDERED that the claimant is sanctioned for her failure to comply with the Court's

---

[4] Local Rule 25.02 requires that at least 10 days prior to the "final pre-trial conference," trial counsel for each party must confer and prepare a proposed "final pre-trial order." The "pre-trial order" must contain five sections: stipulations, contentions of the parties, exhibits, designation of pleadings and discovery material, and witness information. E.D.N.C. Loc. R. 24.03. The function of the "final pre-trial conference," is "to resolve any disputes concerning the contents of the pre-trial order." E.D.N.C. Loc. R. 24.04.

[5] Mr. Melvin Wall filed a notice of appearance with the district court on behalf of Hodge on December 7, 1994. Mr. Wall continues to represent Hodge on appeal. Initially, Hodge was represented by two other attorneys whose motion to withdraw as counsel was granted September 8, 1994.

4

Order of pre-trial discovery, and pursuant to Rule 37(b)(2)(B) of the Federal Rules of Civil Procedure, the claimant will not be allowed to support her claim in this matter [i.e. by use of an innocent owner defense]." Because the court had previously "made a probable cause determination" that the property was forfeitable and because Hodge's innocent owner claim was dismissed, the court granted summary judgment to the Government.

Hodge then filed a motion for reconsideration, under Fed. R. Civ. P. 59(e). In support of her Rule 59 motion, Hodge's counsel averred that he misunderstood his client's duty to provide "the required pre-trial exchange of information" by December 9, 1994. Specifically, he alleged that it was his understanding that the Government's motion to continue, filed December 6 and granted by the court the following day, "would postpone the date for the respective parties to make the required pretrial exchange of information . . . to a date to be determined by the Clerk." Further, he alleged that the Government's counsel led him to believe the date for the pretrial exchange of information would be postponed if the motion to continue was granted by the court.[6] In response, the Government denied having misled Hodge's counsel regarding her duties as enumerated in the December 1 order. The court denied the Rule 59 motion, which Hodge appeals.

On appeal, Hodge claims that dismissal of her claim for failure to comply with the court's December 1 order was an inappropriate sanction and that the Government was not entitled to summary judgment. Because we find no merit in these claims, we affirm. We have previously granted Hodge's motion to decide the appeal without oral argument.

Rule 16(f) of the Federal Rules of Civil Procedure authorizes district courts to employ those sanctions provided in Rule 37(b)(2)(B),

_____

[6] In the Rule 59(e) motion, Hodge alleged, for the first time, that the seizure should be disallowed because no preseizure hearing was conducted as discussed in United States v. James Daniel Good Real Property, 510 U.S. 43 (1993). Because, however, Rule 59(e) motions cannot be used to raise new issues, we will not address this issue on appeal. See Ray E. Friedman & Co. v. Jenkins, 824 F.2d 657, 660 (8th Cir. 1987); Hashwani v. Barbar, 822 F.2d 1038, 1041 (11th Cir. 1987).

5

(C),**7** and (D), including dismissal, in a number of situations such as where a party or its attorney fails to obey a scheduling or pretrial order, fails to appear at a scheduling or pretrial conference, or fails to participate in good faith. Rabb v. Amatex Corp., 769 F.2d 996, 999-1000 (4th Cir. 1985). A trial court may preclude a party from introducing evidence or supporting a claim "under Fed. R. Civ. P. 37(b)(2)(B) even if to do so is tantamount to a Fed. R. Civ. P. 37(b)(2)(C) dismissal." Id. at 1000 (citations omitted). The decision of what sanction is appropriate under the prevailing circumstances is within the district court's sound discretion. Id. at 999. The question on appeal is thus not whether the reviewing court would have dismissed the action as an original matter but whether the district court abused its discretion in doing so. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976). In this light, the United States Supreme Court in discussing Fed. R. Civ. P. 37 has cautioned against the "natural tendency on the part of reviewing courts, properly employing the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with a discovery order." Id. The Court further noted that the harsh sanction of dismissal "must be available to the district court in appropriate

_____

**7** Rule 37(b)(2) reads, in pertinent part:

   (b) Failure to Comply With Order.

\* \* \*

   (2) Sanctions by Court in Which Action is Pending. If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

\* \* \*

   (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

   (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party. . . .

6

cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." Id. at 643. There is, however, a due process limitation on a district court's power to dismiss under Rule 37(b) such that a court is not authorized to dismiss a complaint when it has been established that a litigant's noncompliance with a pretrial production order was because of inability, rather than willfulness, bad faith or fault. Rabb, 769 F.2d at 1000 (citing Societe Internationale Pour Participations Industrielles Et Commerciales v. Rogers, 357 U.S. 197, 212 (1958)).

We do not find that the court abused its discretion in denying Hodge's claim. Hodge's repeated refusals to comply with the Government's legitimate discovery requests, despite court orders to the contrary, evidences willful, "bad faith" conduct. Further, such conduct was prejudicial to the Government (because it could not defend against claims, facts, and witnesses that Hodge refused to provide) and hampered the district court's efforts to advance and resolve the litigation. The court's attempts to gain compliance with less drastic sanctions were ineffective--Hodge received two explicit court orders warning her that failure to comply with discovery could result in dismissal of her claim. Finally, Hodge's conduct itself warranted sanction, which should act as a deterrence to others. Thus, we do not find that the district court's dismissal of Hodge's claim was an abuse of discretion. Rabb, 769 F.2d at 999-1000.

Hodge's appellate counsel, who represented her at the time the district court dismissed her claim, alleges that it was his understanding that the court's December 7 order, which continued the trial and pretrial, negated his client's duty to provide information to the Government as explicitly instructed by the court's December 1 order. The December 7 order granting a continuance read: "Upon the motion of the United States, it is hereby ORDERED that the trial currently set for 3 January 1995 is continued until 27 February 1995. The Clerk is directed to reschedule the pretrial accordingly." The Government's motion requesting the continuance sought "to continue the Pre-Trial and Trial, scheduled in this action for December 21, 1994 and January 3, 1995, respectively." Although Hodge's attorney may have misconstrued the court's December 7 continuance order, we do not find that the district court abused its discretion in dismissing Hodge's claim,

7

given her repeated failure to participate in the discovery process and comply with the court's discovery orders. Fed. R. Civ. P. 37(b)(2)(B). Hodge's conduct throughout the litigation--with and without counsel --belies her argument that her failure to follow the district court's December 1 order occurred because her attorney was misled or failed to understand an order of the district court.**8**

Hodge's argument that the Government was not entitled to summary judgment as a matter of law also fails. With Hodge's innocent owner defense dismissed under Fed. R. Civ. P. 37(b)(2)(B), the record was more than sufficient to show probable cause that the property was subject to forfeiture. See 21 U.S.C. § 881(a)(7); United States v. 7715 Betsy Bruce Lane, 906 F.2d 110, 111 (4th Cir. 1990) (in a civil forfeiture proceeding, government need only show probable cause that there is a substantial connection between the subject property and underlying criminal activity; once probable cause is shown, the burden shifts to claimant to prove by a preponderance of the evidence that the factual predicates for forfeiture have not been met). Accordingly, the district court's denial of Hodge's Rule 59(e) motion is affirmed.

AFFIRMED

_____

**8** Counsel's confusion, however, is misplaced. First, the district court's December 1 order was clear and unequivocal: Hodge was ordered to contact Government counsel and "participate in a pretrial conference as required by the local rules of this Court, said conference to be held in the office of the United States Attorney not later than 5:00 p.m., Friday 9 December 1994." (Emphasis added). The pretrial conference to which the court referred is explained in Local Rule 24.02, which requires the parties to meet in order to create a pre-trial order for use in the final pretrial conference. See E.D.N.C. Loc. R. 24.02-04. The December 1 order specifically noted "the failure of claimant Lois Hodge to participate in a pre-trial conference and [in] the preparation of a pre-trial order." (Emphasis added). Again, this should have alerted counsel to the nature of the court's demands. Finally, the Government's motion for continuance, filed on December 6, stated that the "Pre-trial" it sought to continue was set for December 21, 1994. Thus, we do not find that the district court abused its discretion by denying Hodge's motion for reconsideration on the grounds that her counsel confused his client's duty to meet with the Government by December 9 with the continuance of the pretrial conference set for December 21. See Rabb, 769 F.2d at 999-1000.