Claude Erwin RABB, Executor of the Estate of Harry W. Rabb, deceased, Appellant,

v.

AMATEX CORPORATION; Empire Asbestos; The Flintkote Company; National Gypsum Company; Nicolet, Inc.; Rock Wool Manufacturing Company and Standard Asbestos Mfg. & Insulating Co., Defendants,

and

Armstrong World Industries, Inc.; Armstrong Contract and Supply (AC & S); The Celotex Corporation; Eagle-Picher Industries, Inc.; Forty-Eight Insulation, Inc.; Keene Corporation; Owens-Corning Fiberglas Corp.; H.K. Porter Company/Southern Asbestos; Pittsburgh Corning Corporation and Raymark Industries, Inc., Appellees.

In re ASBESTOS RELATED LITIGATION.

Claude Erwin RABB, Executor of the Estate of Harry W. Rabb, Appellant,

v.

AMATEX CORPORATION; Armstrong World Industries, Inc.; Empire Asbestos; The Flintkote Company; National Gypsum Company; Nicolet, Inc.; Pittsburgh Corning Corporation; Rock Wool Manufacturing Company and Standard Asbestos Mfg. & Insulation Co., Defendants,

and

Armstrong Contract and Supply (AC & S); The Celotex Corporation; Eagle-Picher Industries, Inc.; Keene Corporation; Owens-Corning Fiberglas Corp.; H.K. Porter Company/Southern Asbestos and Raymark Industries, Inc., Appellees.

Nos. 84–1993, 84–1994.

United States Court of Appeals, Fourth Circuit.

Argued May 7, 1985.

Decided Aug. 12, 1985.

Vickie Bletso, Greenville, N.C. (Thomas F. Taft, Taft, Taft & Haigler, Greenville, N.C., Joseph F. Rice, Blatt & Fales, Barnwell, S.C., on brief), for appellant.

J. Victor Bowman, Greensboro, N.C. (Gerard H. Davidson, Jr., Timothy Peck, Smith, Moore, Smith, Schell & Hunter, Greensboro, N.C., Richard M. Lewis, Mark S. Thomas, Maupin, Taylor & Ellis, Raleigh, N.C., on brief), for appellees.

Before PHILLIPS and SPROUSE, Circuit Judges, and HIRAM H. WARD, District Judge, Sitting by Designation.

JAMES DICKSON PHILLIPS, Circuit Judge:

Claude E. Rabb, executor of the estate of Harry W. Rabb, appeals the grant of summary judgment by the United States District Court for the Western District of North Carolina based upon the court's preclusion of Rabb's critical evidence in his asbestosis-related action for failure to comply with the court's pre-trial order. Because we believe the district court's Pre-trial Order Coordinating Discovery Proceedings violated neither the federal rules of civil procedure nor due process, and the district court properly imposed sanctions against Rabb for his failure to comply with the pre-trial order, we affirm.

I

Harry W. Rabb worked in shipyards in Newport News, Virginia from 1948 to 1954. On September 27, 1982, Rabb filed a complaint in the United States District Court for the Western District of North Carolina against 19 manufacturers of asbestos products, claiming Rabb's pulmonary fibrosis was proximately caused by exposure to the manufacturers' products.

Harry Rabb died on November 11, 1982. Harry's brother, Claude Rabb, was substituted as plaintiff in this action as executor of Harry's estate. On March 17, 1983, the district court entered an "Initial Pre-Trial Order Coordinating Proceedings." The pre-trial order established a discovery timetable for all pending and future asbestosis litigation in the Western District of North Carolina. The district court entered a separate order on March 17, 1983, expressly declaring Rabb's case to be governed by the pre-trial order.

Paragraph 15 of the pre-trial order provided asbestosis plaintiffs 90 days from the filing of their complaints within which to serve on all parties a "master list" identifying the specific products and defendants claimed to have caused plaintiffs' injuries, and revealing the specific dates and locations of exposure and the names of plaintiffs' "exposure witnesses." Paragraph 21 provided asbestosis plaintiffs seven months from the filing of their complaints to produce a "final master identification list" of products, defendants, exposure witnesses and dates and locations of exposure, to which the plaintiffs would be bound at trial. Paragraph 22 provided plaintiffs seven months from the date of filing their complaints in which to provide each defendant with all identification evidence, other than that designated in the paragraph 21 final master identification list, upon which plaintiffs intended to rely at trial. Paragraph 23 provided a sanction of dismissal as to particular defendants if after seven months from the filing of the complaint plaintiffs failed to come forward with product identification or exposure evidence as required in paragraphs 21 and 22. Paragraph 24 provided that compliance dates in Rabb's action would be measured from March 3, 1983.

Rabb's counsel disregarded the pre-trial order timetable. On June 23, 1983, counsel filed his paragraph 15 compliance three weeks late and failed to identify any exposure witnesses or verify his "master identification list" as required by the pre-trial

order. On October 3, 1983, he filed his "Compliance With Paragraphs 21 and 22" on time, however this compliance did nothing more than incorporate by reference his initial June 23, 1983, filing.

During November 1983 individual defendants filed motions for dismissal and summary judgment, on the basis of Rabb's failure to comply with the pre-trial order. On November 3, 1983, Rabb filed a "Supplemental Compliance" identifying his exposure witnesses for the first time. On November 29, 1983, Rabb filed a "Second Supplemental Compliance" that identified an additional exposure witness.

On December 6, 1983, a motion was filed on behalf of all the defendants for dismissal pursuant to Fed.R.Civ.P. 41(b), or, in the alternative, for preclusion of evidence pursuant to the pre-trial order. On December 14, 1983, a motion was filed for summary judgment on behalf of all defendants. (This was in addition to several individual summary judgment motions by particular defendants during December 1983.)

On April 5, 1984, the district court entered an order granting defendants' motions for preclusion and summary judgment, after first determining that Rabb had unjustifiably disregarded the pre-trial order. Rabb now appeals the judgment of the district court.

## II

Rabb acknowledges on appeal his noncompliance with the pre-trial order, but argues that the district court's pre-trial order violated the federal rules of civil procedure and the due process clause of the United States Constitution's fifth amendment. Rabb also contends that the district court abused its discretion and violated his constitutional right to due process in precluding Rabb's use of evidence not presented in accordance with the provisions of the pre-trial order and in granting summary judgment for defendants.

The crux of appellant's challenge to the pre-trial order is that the terms of the Western District's order are different from the terms of a similar order in the Eastern District of North Carolina that this court implicitly approved in *Barwick v. Celotex Corp.*, 736 F.2d 946 (4th Cir.1984). Rabb claims that the Western District's pre-trial order "is such an extreme distortion of the pretrial practice which was addressed in *Barwick* ..., that plaintiff submits it runs afoul of Federal Rule 16 and the due process clause of the United States Constitution."

The district court in *Barwick* had entered a pre-trial order requiring both defendants and plaintiffs in an asbestos-related action to file statements designating the expert and exposure witnesses upon which the parties expected to rely at trial. In regard to that pre-trial order this court wrote in review that

> [p]retrial orders similar to the one entered in this case have become an established part of asbestosis litigation. Experience has shown that most plaintiffs sue a broad spectrum of asbestos miners, manufacturers and distributors in the hope of not overlooking any possible defendant. A properly conducted discovery process allows the plaintiff to develop his case against the defendants who mined, manufactured and/or sold the asbestos products to which the plaintiff was exposed, and allows the other defendants to get out of the case prior to the expense of a lengthy trial.

736 F.2d at 951.

Contrary to Rabb's conclusions, nothing in this court's *Barwick* opinion suggests that this court adopted the terms of *Barwick*'s pre-trial order as a yardstick by which all subsequent asbestosis pre-trial orders would be measured. The *Barwick* pre-trial order was merely one acceptable means by which a district court could manage the pre-trial aspects of complicated asbestosis litigation. The pre-trial order employed by the district court in this case is yet another.

■ The district court's pre-trial order here properly facilitated discovery in this case. Although paragraph 15 of the order placed the burden solely on the plaintiff to

file a master identification list, paragraphs 17 and 18 of the order provided for interrogatories and requests to produce documents by both parties. Paragraph 14 anticipated depositions by both parties. In short, the requirements of paragraph 15 provided some necessary order and clarity to the pre-trial process without burdening plaintiff unduly or preventing plaintiff from discovering defendants' cases through ordinary discovery techniques.

The district court complied with the federal rules of civil procedure and did not abuse its discretion in fashioning the order. Thus we deny Rabb's legal and constitutional challenge to its terms. Fed.R.Civ.P. 16, 83.

Rabb also claims the district court abused its discretion and violated his due process rights in precluding Rabb's evidence and granting summary judgment to defendants as a result of Rabb's failure to comply with the pre-trial order. We agree with appellant that the district court's action was in essence a dismissal of appellant's action. We do not agree with appellant however that the court's action is to be assessed for propriety under Fed.R.Civ.P. 41(b) governing involuntary dismissals.

In *Societe Internationale Pour Participations Industrielles Et Commerciales v. Rogers*, 357 U.S. 197, 207, 78 S.Ct. 1087, 1093, 2 L.Ed.2d 1255 (1958), the Supreme Court held that

> whether a court has power to dismiss a complaint because of noncompliance with a production order depends exclusively upon Rule 37, which addresses itself with particularity to the consequences of a failure to make discovery by listing a variety of remedies which a court may employ as well as by authorizing any order which is "just." There is no need to resort to Rule 41(b) which appears in that part of the Rules concerned with *trials* and which lacks such specific references to discovery.

(Emphasis in original.) Although *Societe Internationale* dealt with the pre-1970 version of Rule 37, the Court's reasoning applies with legal force to the present case.

The current version of Rule 37 addresses with particularity the consequences of Rabb's failure to comply with the Western District's pre-trial order. Fed.R.Civ.P. 41(b) does not. *Societe Internationale*'s rationale for applying the more particular rule thus dictates that Rule 37 be viewed as the source of the district court's power to impose the dismissal sanction here.

This is so even though the order disobeyed in this case was not an order to compel discovery granted on a party's motion, but instead a Fed.R.Civ.P. 16 general pre-trial order. The 1970 advisory committee notes to Rule 37(b) indicate that the scope of the rule was broadened to include *"any* order 'to provide or permit discovery,'" that "various rules authorize orders for discovery" and "Rule 37(b)(2) should provide comprehensively for enforcement of all these orders." *Citing Societe Internationale*, 357 U.S. at 207, 78 S.Ct. at 1093 (emphasis added). Professors Wright and Miller note that

> Rule 16 and Rules 26 through 37 are aimed at a common goal—providing the parties with enough information so that they may fully prepare themselves for trial. Thus, frequently courts view Rule 16 as part of the general discovery process provided for in the rules and speak of the joint purpose to be achieved by the pretrial conference and discovery.

Wright and Miller, *Federal Practice and Procedure: Civil* § 1528 (1971). The consequence of this identity of purpose is, as another commentator notes, an identity of sanctions for noncompliance:

> among the sanctions now authorized by Rule 16 are the penalties for violation of discovery orders contained in Rule 37(b)(2)(B), (C) and (D) and Rule 16 should thus be read in conjunction with that Rule. Among the sanctions which may be imposed are dismissal, default, preclusion of evidence or testimony, costs, and contempt for failure to comply with court orders.

3 *Moore's Federal Practice* ¶ 16.32 (1985).

Fed.R.Civ.P. 37(b)(2)(B) provides for the preclusion of evidence by a party failing to

provide or permit discovery pursuant to an order to provide or permit discovery. Fed. R.Civ.P. 37(b)(2)(C) permits dismissal against the disobedient party. A trial court may preclude evidence under Fed.R. Civ.P. 37(b)(2)(B) even if to do so is tantamount to a Fed.R.Civ.P. 37(b)(2)(C) dismissal. *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1065 (2d Cir.1979); *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 843–44 (9th Cir.1976).

In *Societe Internationale* however the Supreme Court noted a fifth amendment due process limitation on a district court's power to dismiss under Fed.R.Civ.P. 37(b). The Court held that because of constitutional concerns Rule 37 "should not be construed to authorize dismissal of [a] complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner." 357 U.S. at 212, 78 S.Ct. at 1096. In *Cine Forty-Second Street Theatre*, the Second Circuit found counsel's negligence in failure to comply with a pre-trial discovery order sufficient to satisfy the fault requirement of *Societe Internationale.* 602 F.2d 1066–68. The Second Circuit concluded that failure to comply "where counsel clearly should have understood his duty to the court" constituted professional negligence of a degree amounting to "fault." 602 F.2d at 1068. We adopt that assessment.

Rabb claims that while the record in this case "may reveal sloppiness or even negligence prior to October 3, 1983, in meeting the detailed requirements of the initial pre-trial order, it does not demonstrate purposeful delay or contumaciousness [sic] on the part of plaintiff or his attorney." In a specific finding of fact the district court essentially rejected that assessment and found instead that

> counsel for the Plaintiff was made aware of the importance the Court placed on compliance with the Pre-trial Order.... The Court can find no justifiable reason

excusing the Plaintiff's failure to comply with the Pre-trial Order. Assuming however that there were legitimate reasons why Plaintiff could not comply with the Pre-trial Order the proper procedure would have been for the Plaintiff to move for an extension of time within which to comply. Plaintiff made no such motion but instead chose to proceed according to his own timetable. The Court can not condone this sort of disregard for its orders.

The district court's finding that Rabb deliberately disregarded the pre-trial order is a factual finding of fault on appellant's part that can be overturned by this court only if clearly erroneous. Fed.R.Civ.P. 52.

■ In light of counsel's conceded full awareness of and utter disregard for the district court's discovery timetable set forth in the pre-trial order, we hold that the district court was not clearly erroneous in its finding of willful disregard and that the fault found by the district court was sufficient to satisfy the standard set forth in *Societe Internationale*, 357 U.S. at 212, 78 S.Ct. at 1095. Thus the district court did not abuse its discretion or violate any right to due process in precluding Rabb's improperly-submitted evidence and granting summary judgment for defendants. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64, 100 S.Ct. 2455, 2462–63, 65 L.Ed.2d 488 (1980), *quoting National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976).

The judgment of the district court is therefore affirmed.

AFFIRMED.