812 F.2d 1401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Bowie JOHNSON, Jr., Plaintiff-Appellant,
v.
Kalman R. HETTLEMAN, University of Maryland, School of
Social Work; Luther Starnes, Department of Employment and
Training; Carl Snowden, The Annapolis and Anne Arundel
Community Action Agency; Emmett Burns Dr., Region VII
Director, The N.A.A.C.P.; National Organization for Women;
The American Public Welfare Association, Defendants-Appellees,
and
Chauncey Alexander; National Association of Social Workers;
Sylvia Gonzales; Edward T. Weaver, Executive Director, The
American Public Welfare Association; Peter Slavin, Editor,
Washington Report, The American Public Welfare Association,
Defendants.
 No. 86-3104.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 29, 1987.
Decided Feb. 26, 1987.
 
 Before HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Robert Bowie Johnson, Jr., appellant pro se.
 Stephen Howard Sachs, Attorney General; Ralph S. Tyler, Assistant Attorney General; Nancy Backer Shuger, Office of the Attorney General of Maryland; Alan Hilliard Legum; Leonard Lewis McCants, McCants & Gerald; Thomas Jay Hart, Lena S. Zezulin, Thomas Hart & Associates; Emily Rody, Carolyn I. Polowy, Rody & Polowy; Harlan Lee Weiss, Sachs, Greenebaum & Taylor, for appellees.
 PER CURIAM:
 
 
 1
 Robert Bowie Johnson, Jr., proceeding pro se, initiated this action on November 30, 1983, alleging that the defendants, under color of state law, conspired to ban or suppress the sale of his board game, "Public Assistance: Why Bother Working for a Living?", in violation of the First, Fifth, Sixth and Fourteenth Amendments, and 42 U.S.C. Secs. 1983, 1985(3) and 1986. The district court granted the defendants' motions to dismiss and for summary judgment on July 11, 1986, and this appeal followed.
 
 
 2
 We affirm the district court's decision. Johnson failed to allege facts that would state a claim under 42 U.S.C. Sec. 1983. He could not prove that the defendants, under color of state law, engaged in conduct that deprived him of his First Amendment rights, see Hammerhead Enterprises, Inc. v.Brezenoff, 707 F.2d 33 (2d Cir.1983), aff'g 551 F.Supp. 1360 (S.D.N.Y.1982), cert. denied, 464 U.S. 892 (1983). Nor could he prove that the defendants deprived him of a protected liberty interest or property interest under the Fifth and Fourteenth Amendments, see Board of Regents v. Roth, 408 U.S. 564 (1972). And the Sixth Amendment has no application to Johnson's allegations.
 
 
 3
 Johnson also failed to allege facts that would state a claim under 42 U.S.C. Sec. 1985(3). He alleged no racial or class-based invidious discrimination. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Section 1985(3) does not encompass conspiracies motivated by economic, political or commercial animus. United Brotherhood of Carpenters v. Scott, 463 U.S. 825 (1983).
 
 
 4
 A Sec. 1986 claim depends entirely upon a valid Sec. 1985 claim. Hahn v. Sargent, 523 F.2d 461, 470 (1st Cir.1975), cert. denied, 425 U.S. 904 (1976). Because no valid Sec. 1985 claim has been made, Johnson's assertion of a Sec. 1986 claim is equally without merit.
 
 
 5
 We reject Johnson's claim that the district court denied him adequate time for discovery. Discovery rulings are within the district court's discretion, see Rabb v. Amatex Corp., 769 F.2d 996, 999 (4th Cir.1985), and that discretion was not abused. Johnson had more than two years from the filing of his case to engage in discovery.
 
 
 6
 We have considered Johnson's requests that certain documents and pleadings be incorporated into the record on appeal, and conclude that the material contained in those documents and pleadings does not alter our decision. We dispense with oral argument because the dispositive issues recently have been decided authoritatively, and the facts and legal arguments are adequately presented in the record before us.
 
 
 7
 AFFIRMED.