836 F.2d 545
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert J. CROWLEY, Plaintiff-Appellant,
v.
PRINCE GEORGE'S COUNTY POLICE DEPARTMENT, Prince George's
County Government, Defendants-Appellees.
 No. 87-2037.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 31, 1987.
Decided Dec. 30, 1987.
 
 Robert J. Crowley, appellant pro se.
 Robert H. Drummer, Steven M. Gilbert, Michael O. Connaughton, for appellees.
 Before JAMES DICKSON PHILLIPS, ERVIN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert J. Crowley appeals the dismissal of his 42 U.S.C. Sec. 2000e-5 action. Because we find that outright dismissal was too drastic a remedy in this case, we vacate the court's decision and remand this action.
 
 
 2
 The district court dismissed this suit pursuit to Rule 37 and 41 when Crowley failed to appear for a scheduling conference.[1] The court reasoned that dismissal was appropriate based on the finding that Crowley had acted in a dilatory fashion. First, Crowley failed to appear at the conference despite actual knowledge of the conference, despite a warning that failure to appear could warrant sanctions, and despite the fact that the location of the conference was duly posted. Second, the court noted that Crowley had failed to appear at an earlier deposition, had discharged his court-appointed counsel, and had evidenced other dilatory conduct.
 
 
 3
 Within ten days, Crowley moved the court to vacate its judgment because although he had been in the courthouse, he had been unable to find the correct courtroom in time. In a signed affidavit Crowley stated that he arrived at the courthouse at 8:35 a.m. for the 9:00 a.m. hearing. Upon finding that the clerk's office was closed, he referred to the court calendar board which indicated that the judge in his case was presiding in room 5A. He stated that he entered room 5A at 8:50 a.m. At 9:10 a.m. Crowley learned that another judge was presiding in room 5A and was told to check room 3A. He stated he arrived at room 3A at 9:15 a.m. to learn that his case had been dismissed. The clerk of the court informed the judge of the mix-up and accompanied Crowley to the court calendar board. Crowley found that a piece of paper had been taped over the original assignment of 5A to indicate that the correct room was 3A. After talking with the judge, the clerk told Crowley that he would need to file a motion to vacate which Crowley did.
 
 
 4
 The court reviewed Crowley's motion to vacate the judgment and denied it after finding that Crowley's conduct evidenced inexcusable neglect.
 
 
 5
 We find that Crowley was entitled to a finding of deliberate delay, bad faith, or fault. Dove v. CODESCO, 569 F.2d 807, 809-10 (4th Cir.1978) (where motion is construed under Rule 59, dismissal power is limited to situations in which there is clear evidence of deliberate delay on plaintiff's part); Wilson v. Volkswagon of America, Inc., 561 F.2d 494, 503 (4th Cir.1977) (dismissal for failure to obey court order would not be proper, generally, unless the district court determined that noncompliance was the result of willfulness, bad faith, or fault), cert. denied, 434 U.S. 1020 (1978); see also Rabb v. Amatex Corp., 769 F.2d 996, 1000 (4th Cir.1985) (dismissal pursuant to Rule 37 would be affirmed where noncomplying party argued that at worst his conduct evidenced only sloppiness or negligence but court made specific factual findings of willful disregard and fault).
 
 
 6
 Crowley's inability to locate the proper courtroom on time does not appear to evidence fault of a magnitude warranting outright dismissal. His failure to appear at his deposition, his discharge of counsel, and "other dilatory conduct" similarly do not rise to the level of fault warranting dismissal. Shortly after Crowley's scheduled deposition, he notified the court that his son had been in a critical motorcycle accident and that he was spending most of his time at the hospital. Crowley requested a stay which the court granted. Crowley was not bound to retain his court-appointed counsel, nor should continuation with counsel be based on the fear of sanctions. Finally, while it is not clear what is meant by "other dilatory conduct," this without more does not provide a sufficient basis for dismissal.
 
 
 7
 Neither the court's initial dismissal nor the denial of the post-judgment motion[2] contained the necessary findings of deliberate delay, bad faith, or fault. Moreover, the facts of this case do not provide a sufficient basis for outright dismissal. Cf. Kotlicky v. United States Fidelity & Guar. Co., 817 F.2d 6 (2d Cir.1987) (although plaintiff was dilatory in conducting some phase of his litigation, his failure to appear at deposition was not voluntary or due to any gross negligence on his part; thus, decision to impose most drastic remedy available, dismissal, was not appropriate).
 
 
 8
 We therefore vacate the judgment of dismissal and remand this case to the district court for further proceedings. As it will not significantly aid in the decisional process, we dispense with oral argument.
 
 VACATED AND REMANDED
 
 
 [1]
 The precise source of power for the district court's dismissal was Fed.R.Civ.P. 37(b)(2)(C). See Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers, 357 U.S. 197, 207 (1958); Rabb v. Amatex Corp., 769 F.2d 996, 999-1000 (4th Cir.1985). See also Fed.R.Civ.P. 16(f) (failure to appear at pretrial conference is subject to sanction under Fed.R.Civ.P. 37)
 
 
 [2]
 Although Crowley styled his motion pursuant to Rule 60(b), because the motion was served within 10 days of entry of judgment and called into question the correctness of the judgment, it is properly construed under Rule 59 rather than Rule 60. Dove, 569 F.2d at 809 (if motion filed within ten days of judgment and calls into question correctness of judgment, it should be treated as a motion under Rule 59(e) regardless of how it is styled); see also Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 668 (5th Cir.1986) (considering timeliness of notice of appeal, appellate court held that district court was not free to choose under which rule it preferred to construe the motion; if motion called into question correctness of judgment and was timely served, court must consider it as a Rule 59(e) motion regardless of how it is styled), cert. denied, 55 U.S.L.W. 3315 (U.S. Nov. 3, 1986) (No. 85-2015)