940 F.2d 652
 21 Fed.R.Serv.3d 271
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NU-LIFE ENVIRONMENTAL, INCORPORATED, Plaintiff-Appellant,
and
Cumberland County, A Political Subdivision of the State of
North Carolina, Plaintiff,
v.
SHRED PAX CORPORATION, Al Kaczmarek, Defendants-Appellees.
NU-LIFE ENVIRONMENTAL, INCORPORATED, Plaintiff-Appellee,
and
Cumberland County, A Political Subdivision of the State of
North Carolina, Plaintiff,
v.
SHRED PAX CORPORATION, Al Kaczmarek, Defendants-Appellants.
NU-LIFE ENVIRONMENTAL, INCORPORATED, Plaintiff-Appellant,
and
Cumberland County, A Political Subdivision of the State of
North Carolina, Plaintiff,
v.
SHRED PAX CORPORTION, Al Kaczmarek, Defendants-Appellees.
 Nos. 90-2138, 90-2152 and 90-2161.
 United States Court of Appeals, Fourth Circuit.
 Argued May 6, 1991.
Decided Aug. 8, 1991.
As Amended Oct. 22, 1991.
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (CA-89-22-3-CIV-H)
 Hal Jerome Warlick, Warlick Law Offices, Easley, S.C., for appellant.
 Gary E. Dyal, Wildman, Harrold, Allen & Dixon, Chicago, Ill. (Argued), for appellees; Michael Dockterman, Raymond E. Beckering, Wildman, Harrold, Allen & Dixon, Chicago, Ill., Donald H. Beskind, Beskind & Rudolf, Chapel Hill, N.C., on brief.
 E.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, ELIZABETH V. HALLANAN, United States District Judge for the Southern District of West Virginia, sitting by designation, and CLAUDE M. HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiff Nu-Life Environmental, Incorporated, [hereinafter "NuLife"] appeals from the district court's dismissal of its action as a sanction for failing to comply with the court's local rules concerning preparation for a final pretrial conference and preparation of an integrated pretrial order, and denial of its motion for reconsideration. Defendants Shred Pax Corporation [hereinafter "Shred Pax"] and Al Kaczmarek cross appeal from the district court's denial of their motion for summary judgment and sua sponte dismissal of their counterclaim. We affirm the district court's dismissal of Nu-Life's action as a sanction pursuant to Fed.R.Civ.P. 16(f) and thus do not reach the propriety of the district court's denial of summary judgment. Additionally, because Defendants have only requested that their counterclaim be resurrected if we remand the Plaintiff's action for trial, we need not consider the propriety of the district court's sua sponte dismissal of such counterclaim.
 
 I.
 
 2
 On March 20, 1989, Plaintiffs Nu-Life and Cumberland County[1] filed a combined, single count complaint against the Defendants Shred Pax Corp. and Al Kaczmarek, Chairman of Shred Pax, alleging breach of warranties in regard to a shredding machine sold by Shred Pax to Nu-Life and resold by Nu-Life to Cumberland County. Shred Pax counterclaimed against both Plaintiffs for their failure to pay a repair bill regarding the shredder.
 
 
 3
 The district court entered a scheduling order on September 18, 1989, requiring the completion of discovery by December 18, 1989, and advising that trial would be set within 60-120 days after the close of discovery, with the final pretrial conference noticed approximately two weeks prior to trial. After a 90-day extension requested by Shred Pax, discovery was closed on March 19, 1990. Defendants then filed a motion for summary judgment on April 20, 1990, alleging that NuLife had failed to prove any damages as well as a legal theory to justify imposition of personal liability on Mr. Kaczmarek. On March 2, 1990, the final pretrial conference was scheduled for Monday, May 7, 1990, while trial was set for Monday, May 21, 1990.
 
 
 4
 Local Rule 25.02 for the Eastern District of North Carolina requires that Plaintiffs arrange for a preliminary conference and preparation of an integrated pretrial order. Plaintiffs' counsel, however, failed to arrange for such a preliminary conference and counsel for Plaintiff Nu-Life did not appear at the final pretrial conference. The Honorable Wallace W. Dixon, United States Magistrate Judge for the Eastern District of North Carolina, who was to preside over such conference, ordered monetary sanctions against counsel for Nu-Life for his failure to appear but later withdrew them by letter and order after finding out that counsel for Nu-Life through a clerical error was not formally noticed as to such conference. In such letter and order the magistrate judge advised counsel that an alternate pretrial conference could be held by conference call no later than on Monday, May 14. Counsel for Plaintiffs were to arrange such teleconference and to ensure that an integrated pretrial order was completed in preparation thereof.
 
 
 5
 An adequate pretrial order acceptable to both sides, however, was not completed by the May 14 teleconference. The major impediment was the failure of Nu-Life's counsel to adequately identify its trial exhibits. During such teleconference the magistrate judge ordered Nu-Life to produce copies of all of its trial exhibits and requested that local counsel for the Defendants submit the final pretrial order to him by Friday, May 18. Due to the repeated failure of Nu-Life's counsel to both produce and adequately identify its exhibits,[2] a final integrated pretrial order was still not completed by May 18, and rather separate orders were then submitted. During a teleconference held that date the magistrate judge's clerk inquired as to whether the parties would be requesting a continuance of the trial date and was informed that they would be prepared for the scheduled trial date.
 
 
 6
 On Monday, May 21, another teleconference was held during which time the magistrate judge informed that parties that the Defendants' motion for summary judgment would be denied and that the trial would begin early Wednesday morning, May 23, with the final pretrial conference preceding it that same morning. The magistrate judge also expressed his dissatisfaction with Nu-Life's counsel's repeated failures to ensure the completion of the integrated pretrial order as instructed but reluctantly again extended the time for its submission until the final pretrial conference.
 
 
 7
 Despite these various instructions and extensions, counsel for NuLife again failed to submit a signed, integrated pretrial order at the final pretrial conference and only then adequately and fully disclosed its trial exhibits. As a sanction the magistrate then ordered that NuLife's pleadings be stricken. A de novo hearing was immediately held by the trial judge, the Honorable Malcolm J. Howard, on the propriety of the sanction, at the conclusion of which Judge Howard affirmed the magistrate judge's order and as a result thereof further ordered that NuLife's claims be dismissed. Then, apparently in an effort to dismiss the whole case, Judge Howard, sua sponte, ordered that the defendants' counterclaim also be dismissed on summary judgment grounds although no motion for summary judgment as to the counterclaim had ever been filed nor had the parties been permitted to present evidence thereon. By written order entered on July 17, 1990, Nu-Life's motion to reconsider was denied. These appeals followed the respective orders in due course.
 
 II.
 
 8
 Fed.R.Civ.P. 16(f) authorizes district courts to employ those sanctions provided in Rule 37(b)(2)(B), (C), and (D), including dismissal, in a number of situations such as where a party or its attorney fails to obey a scheduling or pretrial order, fails to appear at a scheduling or pretrial conference, arrives substantially unprepared to participate therein, or fails to participate in good faith. Rabb v. Amatex Corp., 769 F.2d 996, 999-1000 (4th Cir.1985). The decision of what sanction is appropriate under the prevailing circumstances is within the district court's sound discretion. The question on appeal is thus not whether the reviewing court would have dismissed the action as an original matter but whether the district court abused its discretion in doing so. National Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642 (1976).
 
 
 9
 In this light, the United States Supreme Court in discussing Fed.R.Civ.P. 37 has cautioned against "the natural tendency on the part of reviewing courts, properly employing the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with a discovery order" noting that the harsh sanction of dismissal "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." Id. at 642-43.
 
 
 10
 Nu-Life's essential contention is that its counsel's misconduct did not rise to a sufficient degree of fault to justify the extreme sanction of dismissal. The Supreme Court has recognized a Fifth Amendment due process limitation on a court's ability to utilize the sanction of dismissal. Societe Internationale pour Participations Industrielles et Commerciales v. Rogers, 357 U.S. 197 (1958). In Societe Internationale, the Court held that due to these constitutional limitations Rule 37 "should not be construed to authorize dismissal of [a] complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner." Id. at 212.
 
 
 11
 The Second Circuit in Cline Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir.1979), found that the "fault" standard expressed in Societe Internationale was satisfied where counsel's failure to comply with pretrial discovery orders was due to gross professional negligence--"that is, where counsel clearly should have understood his duty to the court" and failed to adjust his conduct accordingly. This Court adopted the Cline assessment in Rabb. Rabb, 769 F.2d at 1000.
 
 
 12
 In the present case the district court expressly found Nu-Life's counsel's actions to amount to a degree of "fault" sufficient to justify dismissal of Nu-Life's claims.[3] Additionally, while noting that the existence of bad faith or contumacious conduct is not required under Rabb, the district court found the conduct of counsel for Nu-Life to border on the contumacious.
 
 
 13
 As noted by the Court in Rabb, a district court's finding of fault is a factual finding which may be overturned by this Court only if clearly erroneous. Id. Under the facts of this case as outlined above, we cannot conclude that the district court's findings were clearly erroneous and thus find that Judge Howard did not abuse his discretion in dismissing Nu-Life's action.
 
 III.
 
 14
 Accordingly, for the foregoing reasons, the orders of the district court dismissing Nu-Life's action and denying its motion to reconsider are affirmed.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Shortly before the trial date for this action, Plaintiff Cumberland County settled with the Defendants and its claims were accordingly dismissed
 
 
 [2]
 On May 15, 1990, counsel for Defendants received 40 faxed pages of additional proposed trial exhibits from counsel for Nu-Life, identified merely as "collections of bills spent by Nu-Life since breakdown." Such exhibits were not deposition exhibits and had never earlier been produced or identified in Nu-Life's draft pretrial order
 
 
 [3]
 The district court below also rejected Nu-Life's argument that its claim should not be dismissed due to its counsel's shortcomings. We agree with the district court's assessment that while a client's "innocence" may be a factor properly considered by a court, it goes too far to argue that a sanction of dismissal may only be imposed where a party as opposed to its attorney is at fault. As noted by the Second Circuit, "[a] litigant chooses counsel at his peril, Link v. Wabash Railroad Co., 370 U.S. 626 (1962), and here, as in countless other contexts, counsel's disregard of his professional responsibilities can lead to extinction of his client's claim." Cline, 602 F.2d at 1068