985 F.2d 553
 24 Fed.R.Serv.3d 896
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
T. N. TAYLOR, Plaintiff-Appellant,
v.
SPECIALTY MARKETING, INCORPORATED, Defendant-Appellee.
 No. 91-3053.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 1, 1992
Decided: February 2, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-90-489)
 ARGUED: Alexander Nathan Simon, Richmond, Virginia, for Appellant.
 Bradley Phipps Marrs, Meyer, Goergen & Marrs, Richmond, Virginia, for Appellee.
 E.D.Va.
 Reversed and Remanded.
 Before HALL, NIEMEYER, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 As a sanction for failing to provide adequate and timely discovery, the district court, without having entered a prior order compelling discovery, dismissed plaintiff's complaint and awarded the defendant $1,410 for attorney's fees. Because these sanctions were more severe than necessary to prevent any prejudice that may have been caused by the imperfections of discovery, we reverse and remand.
 
 
 2
 Jet Sound Electronics, a California company, assigned its claim on account for $54,086.27 against Specialty Marketing, a Virginia company, to The Law Offices of Leonard Gross for collection. The practice of assigning claims to law firms for the purpose of collection is said to be commonplace in California. T.N. Taylor, the named plaintiff and an employee of Gross's firm, filed suit on May 11, 1990, in California. When the case was then transferred to the Eastern District of Virginia, Gross hired H. Curtis Butterworth as Virginia counsel.
 
 
 3
 At the pre-trial conference on September 27, 1990, the district court ordered that discovery be completed by January 11, 1991, and scheduled trial to begin on February 21, 1991. Specialty Marketing served the plaintiff with requests for various forms of discovery on November 8, 1990. After some confusion on plaintiff's side over who should answer these questions, Barbara Feeder, an employee of the assignor Jet Sound Electronics, sent draft responses to Butterworth. Butterworth forwarded the responses, still in draft form, to Specialty Marketing a day late (December 12, 1990) and unsigned. In addition, and less than a month later, Butterworth forwarded 139 documents, which were not put in any particular order.
 
 
 4
 On January 9, 1991, Specialty Marketing filed a motion for discovery sanctions, alleging that the answers provided were late, unsigned, and prepared by the assignor instead of the named plaintiff, and that there had been no formal response to the request for documents. In support of its motion, Specialty Marketing alleged that it had communicated with Butterworth, who had advised that his client had been uncooperative. One day after the motion for sanctions was filed, Butterworth moved for permission to withdraw as counsel for the plaintiff. In connection with his motion Butterworth sent the district court a copy of a letter to his client, dated January 10, 1991, in which he had outlined his perception of the case and the difficulties in their relationship.
 
 
 5
 One day after Butterworth's motion to withdraw and before Butterworth had provided notice of the motion to his client and two days after Specialty Marketing's motion for sanctions had been filed, the district court granted both Butterworth's motion to withdraw as counsel and defendant's motion for sanctions. In granting the sanctions motion the court entered a default judgment in favor of Specialty Marketing due to plaintiff's "egregious abuse of the discovery process"; later the court also awarded defendant $1,410 expended in filing the motion. Plaintiff did not receive copies of Butterworth's motion and letter until January 11, 1991, the day the court entered the default judgment and granted Butterworth's motion to withdraw. Plaintiff first had notice of the motion for sanctions when it received the court's order on January 14, 1991. Efforts by new local counsel to reopen the judgment were unsuccessful, and this appeal followed.
 
 
 6
 Federal Rule of Civil Procedure 37 permits the district court to enter orders compelling discovery and to impose an array of sanctions for the failure to comply with such orders. Section (d) also permits the court to impose sanctions without any intervening order, whenever there is a failure of discovery. Any use of Rule 37 sanctions must rest in the sound discretion of the district court, as the court must have the ability to manage the cases pending before it. Extensions and delay in providing discovery are a constant problem and all sanctions provided for by Rule 37 must be available. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976) (dismissal must be available both to sanction the parties before the court and to deter others from abusing the discovery process).
 
 
 7
 Nevertheless, in considering what sanctions are appropriate, the court must focus on determining a sanction that fits the case at hand, considering the potential harm to the party seeking discovery and the conduct of the nonproducing party. Particular caution should be used with the dismissal sanction as it deprives the parties of a trial on the merits. See Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 503-04 (4th Cir. 1977), cert. denied, 434 U.S. 1020 (1978). In Wilson, we heightened the level of scrutiny when reviewing the discretion exercised to dismiss a case for discovery failures and admonished,
 
 
 8
 Even in those cases where it may be found that failure to produce results in the discovering party's case being jeopardized or prejudiced, it is the normal rule that the proper sanction "must be no more severe ... than is necessary to prevent prejudice to the movant."
 
 
 9
 Id. at 504 (citation omitted). Underlying all considerations of sanctions under Rule 37 is the need to comport with the requirements of due process. See Societe Internationale Pour Participations Industrielles et Commerciales, S.A., v. Rogers, 357 U.S. 197, 209 (1958).
 
 
 10
 Here, there was no outright failure to provide discovery. Plaintiff had made some effort to respond, providing Specialty Marketing with draft answers and supplying the bulk of its documentation in support of its claim. While the responses were not in proper form and were late, Specialty Marketing had received a substantial amount of information within a day of the deadline and the documentation within a month. No extensions had previously been granted, and the trial had never been postponed. Moreover, no order, other than the pretrial conference order, had been entered. While a failure to comply with a pretrial order might, in appropriate circumstances, be sufficient for the entry of default, it is not automatically a basis. Cf. Rabb v. Amatex Corp., 769 F.2d 996, 1000 (4th Cir. 1985) ("In light of counsel's conceded full awareness of and utter disregard for the district court's discovery timetable," grant of summary judgment was not an abuse of discretion.). There was no reason to think in this case that a lesser sanction permitted by Rule 37 could not both address the shortcomings in the plaintiff's discovery and enable the parties to return to schedule and proceed to trial.
 
 
 11
 There are a number of other factors that also influence our decision. Apparently there were communication problems between the California plaintiff and his Virginia counsel, Butterworth, which were aggravated by the short period of time (one day) between the date the motion to withdraw was filed and the date it was considered by the court, and which left the motion for sanctions undefended. The plaintiff had no opportunity to respond to either the motion for sanctions or the motion of Butterworth to withdraw. We also note that no reason was given for entering a default judgment within two days of the sanction motion's filing, even though a motion for default judgment usually requires three days notice, see Fed. R. Civ. P. 55(b)(2), or for granting a motion by counsel to withdraw only one day after it was filed and without notice to the client, although such an order usually requires reasonable notice to the party, see E.D. Va. R. 7(G). The lack of a chance to be heard on the motions, in combination with the relatively minor failings of the plaintiff, further makes dismissal of the action an inappropriate sanction in this case.
 
 
 12
 Accordingly, we vacate the default judgment and remand for entry of such order compelling plaintiff to complete discovery as the court finds appropriate. Moreover, we express no opinion about any further sanction that may hereafter become appropriate.
 
 REVERSED AND REMANDED
 HALL, Circuit Judge, dissenting:
 
 13
 Because I disagree with the majority's analysis of the facts of this case, I respectfully dissent.
 
 
 14
 A district court is permitted to impose a broad variety of sanctions for violations of discovery orders, including, under Fed. R. Civ. P. 37(b)(2)(C), an entry of immediate default judgment. Although the district court's actions must comply with due process, Societe Internationale Pour Participations Industrielles et Commerciales, S.A., v. Rogers, 357 U.S. 197, 209 (1958), its choice of the appropriate sanction should be upheld on appellate review unless it constitutes an abuse of discretion. Rabb v. Amatex Corp., 769 F.2d 996, 1000 (4th Cir. 1985).
 
 
 15
 Although the majority concludes that there was "no outright failure to provide discovery" and that plaintiff's failings were "relatively minor[,]" Majority Op. at pp. 4, 5, I disagree. The plaintiff never submitted any discovery materials in the proper form. The draft-form responses submitted to Specialty Marketing's interrogatories were unsigned and, therefore, obviously deficient. Fed. R. Civ. P. 26(g) (unsigned responses shall be stricken). These "draft" interrogatories were never supplemented. The "response" to Specialty's requests for production was similarly improper: just a wad of unorganized documents with no accompanying response.
 
 
 16
 In Rabb, 769 F.2d at 1000, we upheld a district court's decision to preclude the admission of evidence, even though it required the immediate dismissal of the plaintiff's case, because of "counsel's conceded full awareness of and utter disregard for the district court's discovery timetable set forth in the pre-trial order[.]" This case is similar.
 
 
 17
 The plaintiff in interest is a California law firm. It was aware of the Federal Rules of Civil Procedure and permissible sanctions for discovery violations. It was aware of the date that the discovery was due-the plaintiff's counsel shared correspondence with the district court demonstrating that he had repeatedly attempted to secure plaintiff's compliance and that these efforts had been ignored.
 
 
 18
 What makes this case different from the run-of-the-mill discovery violation is that, when the district court entered the default judgment, it knew plaintiff had repeatedly been informed by counsel that discovery deadlines were pending. The court knew that the plaintiff's failure to comply was "in utter disregard" of the court's discovery timetable. A district court will rarely be privy to this information, but, when it is, I see no reason why it cannot act accordingly. Therefore, I would affirm.