28 F.3d 1210
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Hazem A. SABRY, Plaintiff-Appellant,
v.
GILBERT SECURITY SERVICE, INCORPORATED; Herbert Brown;
John Owen, Defendants-Appellees.
 No. 93-2425.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 6, 1994
Decided: July 11, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CA-93-524-A)
 ARGUED: Gary Marc Greenbaum, Alexandria, VA, for Appellant. Michael James Hage, Arlington, VA, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and HALL and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiff-Appellant Hazem A. Sabry worked for Defendant-Appellee Gilbert Security Service, Inc., ("Gilbert Security") as a security guard from July 1989 until his termination on April 26, 1991. Sabry was terminated after he brought a letter from his doctor to Defendant-Appellee John Owen, Gilbert Security's vice-president and general manager, which concluded that he had a "total permanent impairment" of thirty-five percent of his body.[1] (J.A. 126.) In a termination letter, Owen wrote Sabry that Gilbert Security had to fire him due to his disability because "[a]ll of our security service contracts expressly stipulate that all officers cannot possess any physical disability which would impair their ability to perform all of their duties."[2] Id. at 127.
 
 
 2
 Sabry subsequently filed this action claiming that Gilbert Security, his supervisor Herbert Brown, and Owen discriminated against him on the basis of his age, race, national origin, and physical disability. After a bench trial, the district court found for Appellees and against Sabry on his Title VII race and national origin discrimination claims.[3] See 42 U.S.C.A. Sec. 2000e-2(a)(1) (West 1981 & Supp.1992).
 
 
 3
 As a threshold matter, the district court concluded that Sabry failed to prove that Gilbert Security was an employer covered by Title VII. And, based on its credibility determinations of the witnesses, the court found that the reason Gilbert Security gave for terminating Sabry was a legitimate, nondiscriminatory one and was the basis for his termination. Finally, the court concluded that Sabry had failed to prove that he was fired because of his race or national origin.
 
 
 4
 Appellant Sabry raises several challenges to the district court's rulings. We affirm.
 
 
 5
 * On June 2, 1993, the district court entered a scheduling order in which it ordered in part that "[a]ll discovery must be concluded by Friday, August 13, 1993." (J.A. 24.) The order also stated that:
 
 
 6
 No witness, expert or otherwise, will be permitted to testify who, in response to a request for his identity, has not been identified in time to allow his deposition to be taken or the substance of his knowledge ascertained ... prior to the discovery cutoff.
 
 
 7
 Id. at 24 (emphasis in original).
 
 
 8
 On July 20, 1993, during a deposition, defense counsel asked Sabry for the names of " 'employees at Gilbert Security Service who would corroborate what you had to say about Colonel Brown, the names he called you, the words?' " Id. at 60. After a discussion between counsel, Sabry replied that " 'I have it in my records. Yes, I will provide you with the names.' " Id. at 62. The names, however, were not mailed to defense counsel until August 12, 1993, one day prior to the discovery deadline. At trial, the court found that Sabry had not complied with the discovery order because he had failed to provide the witnesses' names in time for Appellees to take depositions before the discovery deadline. It therefore sustained Appellees' objection to Sabry's use of the witnesses in his case-in-chief to corroborate Sabry's testimony regarding the racial epithets Brown allegedly directed at him. The court, however, did not bar the witnesses from testifying on other issues or from corroborating, on rebuttal, Brown's alleged use of ethnic slurs.
 
 
 9
 Sabry contends on appeal that the district court abused its discretion in circumscribing his witnesses' testimony as a sanction for his lack of compliance with the discovery order. Sabry argues that his inability to present this testimony destroyed his case, and that the court should not have imposed such a sanction absent a finding of bad faith on his part or a showing of prejudice to Appellees. See Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88 (4th Cir.1989) (upholding default judgment as sanction for repeated, bad faith refusals to comply with discovery requests that prejudiced plaintiff); Lolatchy v. Arthur Murray, Inc., 816 F.2d 951 (4th Cir.1987); Rabb v. Amatex Corp., 769 F.2d 996 (4th Cir.1985).
 
 
 10
 We find no abuse of discretion. The district court found that Sabry failed to comply with the discovery order by not disclosing, after a timely request from Appellees, the names of his witnesses. Pursuant to the terms of that order, the district court disallowed only Sabry's evidence that pertained to the specific request made by Appellees' counsel. This limited action was well within the district court's wide discretion.[4] See Mutual Fed. Sav. & Loan Ass'n, 872 F.2d at 92.
 
 II
 
 11
 Sabry claims that the district court's factual findings were erroneous in two respects.[5] We review these claims for clear error, see Fed.R.Civ.P.52(a), and we affirm.
 
 
 12
 First, Sabry claims that the court's finding that Gilbert Security had a legitimate business reason for firing him is erroneous because no evidence in the record indicates that Sabry's job performance was impaired by his thirty-five percent disability. The issue before the district court, however, was whether Appellees' purported reason for firing Sabry--their belief that his disability would impair his ability to perform his job--was a pretext for discrimination, not whether Appellees were correct in their assessment as to his ability to perform his job. Cf. Castleman v. Acme Boot Co., 959 F.2d 1417, 1422 (7th Cir.1992) ("Neither the [factfinder] nor this Court is empowered to act as a 'superpersonnel department' and decide if ... [the] firing was unwise or unjustified."). Owen testified that he was concerned that, due to the physical difficulties about which Sabry complained, Sabry could not perform certain of his job requirements. The district court credited Appellee Owen's testimony, and concluded that Owen, who was the decisionmaker, terminated Sabry because Sabry was thirty-five percent disabled and he was concerned about his security contracts. The court found that this was a legitimate nondiscriminatory reason, and we conclude that its finding is not clearly erroneous.[6]
 
 
 13
 Second, Sabry contends that the court mistakenly based its conclusions regarding his disability on an accident that did not occur until after his termination. Although the district court mistakenly referred in its oral findings to Sabry's post-termination injury, Sabry's counsel corrected the court at the conclusion of the court's ruling. At that point, the district judge made clear that he knew that Sabry sustained two injuries, and that the injury that occurred prior to his termination was the one that caused the thirty-five percent disability upon which Owen relied. Considering the findings of facts and conclusions of law as a whole, it is evident that the district court properly relied on the injury prior to the termination.
 
 III
 
 14
 For the reasons stated, the judgment of the district court is
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Sabry brought Owen the letter to support Sabry's request to be reassigned because his job assignment--a fixed post in a heating plant--exacerbated his medical condition
 
 
 [2]
 The letter also stated that "[s]hould your disability prove not to be permanent, please do not hesitate to contact us." Id
 
 
 [3]
 The district court resolved Sabry's other claims in favor of Appellees, and Sabry does not appeal these rulings
 
 
 [4]
 In fact, the district court permitted at least one of Sabry's witnesses to corroborate, during Sabry's case-in-chief, the claims of discriminatory name-calling by Brown, with the condition that the testimony would be stricken if it would not be appropriate rebuttal
 
 
 [5]
 Sabry does not challenge the finding that he failed to prove that Gilbert Security is an employer within the meaning of Title VII. See 42 U.S.C.A. Sec. 2000e(b). That unchallenged finding is in itself adequate to support the district court's judgment. See Paroline v. Unisys Corp., 879 F.2d 100, 104 (4th Cir.1989), vacated in part on other grounds, 900 F.2d 27 (4th Cir.1990) (en banc). Even assuming that Gilbert Security is such an employer, we find no error by the district court
 
 
 [6]
 In any event, even if Gilbert Security's asserted reason were shown to be pretextual, judgment for Appellees would be proper. See Saint Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2751 (1993). Here, the district court found that Sabry had not met his ultimate burden of proving that he was terminated on the basis of his race or national origin