**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DONNA M. BRIGGS,
                    *Plaintiff-Appellant,*

                v.

CITY OF NORFOLK, a municipal
corporation, organized under the
laws of the Commonwealth of
Virginia; PAUL D. FRAIM,
individually, and officially in his
capacity as mayor of Norfolk;
MELVIN HIGH, individually, and
officially as the chief of police for
the City of Norfolk; JAMES
BROWNLIE, individually, and
officially as a lieutenant on the
Norfolk police force; R. K. ABBOTT,
in his individual capacity; JAMES B.
OLIVER, individually, and as the city
manager of the City of Norfolk;
JAYWARD HANNA, individually, and
officially as lieutenant of the
Norfolk police force; THOMAS
SPRINGER, individually, and officially
as a police officer for the City of
Norfolk; ALAN BOSTJANCIC,
individually, and officially as a
police officer for the City of
Norfolk; MARK RAILLING,
individually, and officially as a
police officer for the City of
Norfolk; KAMALA HALLGREN
LANNETTI, individually, and

No. 02-1287

officially as the former assistant attorney for the City of Norfolk; HAROLD P. JUREN, individually, and officially as the assistant city attorney for the City of Norfolk; JAMES PRENTICE, individually, and officially as a police officer for the City of Norfolk; CAPTAIN CROWDER, in his individual capacity,

*Defendants-Appellees,*

and

THOMAS BALDWIN, in his individual capacity; LEONARD MERRITT, individually; TWO UNNAMED POLICE OFFICERS OF THE NORFOLK POLICE DEPARTMENT, in their individual capacities; JOHN B. GOODMAN, individually and in his official capacity as a magistrate for the Commonwealth of Virginia,

*Defendants,*

FEDERAL BUREAU OF INVESTIGATION,

*Party in Interest,*

WACHOVIA BANK, N.A.,

*Garnishee,*

CITY OF VIRGINIA BEACH; EVERETTE MARTIN, Judge of the Circuit Court for the City of Norfolk; PATRICK NORSK; BETTY BLACK; CHARLES CLOUD; MASON ANDREWS; DEBBIE MILLER; EUGENE REAGAN; MARVIN D. MILLER; CLIENTS AND PROSPECTIVE CLIENTS OF THE LAW OFFICES OF MARVIN D. MILLER; LAW OFFICES OF MARVIN D. MILLER; CLIENTS AND

PROSPECTIVE CLIENTS OF THE JOYNES
& GAIDIES LAW GROUP, PC; LOUIS
N. JOYNES, II; JOYNES & GAIDIES
LAW GROUP, PC; DALE GAUDING;
DEREK YOUNG,

*Movants.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CA-98-288-2, CA-99-83-2)

Submitted: May 7, 2002

Decided: July 31, 2002

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Donna M. Briggs, Appellant Pro Se. Alan Brody Rashkind, James
Arthur Cales, III, Krista Ann Griffith, FURNISS, DAVIS, RASH-
KIND & SAUNDERS, Norfolk, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Donna Briggs appeals the district court's order granting the Defendant's motion for attorney's fees and sanctions based on Briggs' conduct during proceedings associated with her civil action against Defendants. In July 2000, the district court dismissed the last of Briggs' numerous claims against Defendants based on Briggs' "extreme misconduct" during trial. After we affirmed the rulings of the district court in *Briggs v. City of Norfolk*, Nos. 00-1839, 00-2014, 2001 WL 265154 (4th Cir. March 19, 2001), which represented the fifth appeal associated with this litigation, Defendants renewed their motion for attorney's fees in the district court. The court awarded $2536.50 in attorney's fees under Federal Rule of Civil Procedure 16(f) based on Briggs' failure to attend a pretrial attorney's conference, contribute to the preparation of the Final Pretrial Order, or participate in good faith in the final pretrial conference. Additionally, the court sanctioned Briggs for attorney's fees of $28,196 based on attorney time necessary to respond to Briggs' vexatious filings and behavior during the course of the proceedings.

On appeal, Briggs contends there is inadequate legal basis for the court's actions. Rule 16(f), however, authorizes the imposition of sanctions, including attorney's fees, for a variety of conduct, including failure to appear at a scheduling or pretrial conference, participate in good faith in such proceedings, or for being substantially unprepared. *See Rabb v. Amatex Corp.*, 769 F.2d 996, 999-1000 (4th Cir. 1985). Moreover, the court possessed inherent power to impose sanctions for bad faith or vexatious conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991). We review for abuse of discretion a district court's decision to sanction under either the Rule, *see National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976), or its inherent authority. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 400-01 (1990). A district court abuses its discretion if its ruling is based on either an erroneous view of the law or a clearly erroneous assessment of the evidence. *Brubaker v. Richmond*, 943 F.2d 1363, 1374 (4th Cir. 1991).

Briggs identifies no legal error in connection with the imposition of sanctions under the Rule but disputes the court's assessment of the

evidence. To prevail on this ground, Briggs must identify evidence in the record that leaves this court with the definite and firm conviction that the district court has made a mistake. *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Briggs contends that the court ignored her inability to attend the attorney's conference and contribute to production of the Final Pretrial Order for medical reasons. The court, however, noted that Briggs provided various excuses for her failure to attend, but added that chief among them was her lack of preparation. Moreover, there is no dispute that Briggs did attend the final pretrial conference, but came unprepared, not even having read the Final Pretrial Order prior to the conference. She then repeatedly requested permission to leave the conference, which the court granted midway through the proceeding. While Briggs avers it was inappropriate for the court to hold her departure against her in light of its grant of permission to leave, the court stated it did so "based on her apparent heightened emotional state," and clearly saw no point in forcing her continued presence in light of her lack of preparation. Ultimately, the court determined that Briggs "attended the conference in bad faith because she had no intention of ever contributing to the conference." We will not second guess this determination by the district court, particularly in the absence of any evidence to the contrary, and accordingly find no abuse of discretion in its imposition of sanctions under the Rule.

Under its inherent power, the court imposed sanctions based on Briggs' vexatious and bad faith conduct. The court found that Briggs "repeatedly delayed and disrupted the orderly resolution of her claims by filing duplicative motions and memoranda, in addition to her steadfast refusal to accept any adverse rulings. Moreover, the plaintiff often failed to comply with the orders of this court and generally abused the litigation process."

Briggs contends that her voluminous filings were necessary because the Defendants repeatedly objected to her discovery requests and the court repeatedly denied them. This argument effectively supports the court's observation that Briggs refused to accept adverse rulings and harassed the court with duplicative filings. Further, we agree with the district court that the docket sheet itself, reflecting Briggs' responsibility for over 300 filings, facially demonstrates the unwarranted strain that Briggs' conduct placed on the resources of the court

and the Defendants in a civil action that was not exceptionally complex. Briggs also expounds at length on the propriety of the district court's discovery rulings, effectively rearguing the merits of her prior appeal. We decline, however, to address these contentions as we have already affirmed the lower court's judgment and the propriety of the court's pretrial orders is outside the scope of this appeal.

Briggs next avers that the court's failure to impose sanctions earlier in the proceedings evinces that sanctions were unwarranted. The court, however, in fact sanctioned Briggs $190 during the discovery phase based on her repeated filing of motions. Briggs also posits the flip side of this argument, that the court's "prior penalties" against her, which appear to primarily consist of adverse rulings, ought to be enough and should preclude further monetary sanctions against her. The court, however, noted that the vexatious conduct continued despite numerous warnings and threats of sanctions by the court, and, indeed, even after imposition of a lesser monetary sanction.

Briggs also appears to suggest that this court's failure to seek transmission of the entire record to this court, and issue a more substantive opinion in her prior appeals, somehow divested the district court of jurisdiction to decide the sanctions issues before it. She also attacks the court's jurisdiction on the grounds that the court failed to protect her witnesses and that public policy dictates against imposition of sanctions in civil rights or racketeering cases. Briggs cites no authority, nor are we aware of any, that would support these contentions. Briggs also complains, as she has in prior appeals, that the district judge was biased against her. Briggs demonstrates no basis for relief, however, as she identifies no extrajudicial source for the alleged bias. *See In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987).

Accordingly, we find no abuse of discretion in the district court's imposition of sanctions in this case. The district court's order is therefore affirmed. In light of our disposition of this appeal, Briggs' motions for a stay of the district court's order and for a continuance of this proceeding are denied. Similarly, Briggs' motion to expedite is denied as moot. Briggs' motions for release of funds and cancellation of garnishment are denied because they are outside the scope of this appeal, which relates to the district court's order imposing sanctions. Finally, we deny Briggs' motion for oral argument because the

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*